**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-01374-REB-BNB

MARSHALL HANKS,

    Plaintiff,

v.

REGIONAL ARBITRATION SERVICES, LLC,

    Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**Blackburn, J.**

    This matter is before the court on the **Motion for Entry of Default Judgment** [#13][1] filed by the plaintiff on August 6, 2013.  The defendant did not file a response.  I grant the motion on the terms stated in this order.

### I.  JURISDICTION

    I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II.  STANDARD OF REVIEW

    When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the clerk of the court must enter the party's default.  FED. R. CIV. P. 55(a).  After default has entered, the party seeking relief against the defaulting party may apply to the court for a default judgment, and, if the party seeking relief provides a proper basis for the entry of default judgment, the court may enter default

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

judgment against the defaulting party.  FED. R. CIV. P. 55(b).

### III.  ANALYSIS

The complaint [#1] in this matter was filed on October 29, 2010.  A return of service [#9] reflecting valid service on the defendant was filed on December 17, 2010.  The defendant did not file an answer or response.  The clerk of the court entered default [#12] against the defendant on January 14, 2011.  On entry of default against the defendant, the well-pleaded allegations in the complaint are deemed admitted.  **See Olcott v. Delaware Flood Co.** 327 F.3d 1115, 1125 (10th Cir. 2003); **Lundahl v. Zimmer**, 296 F.3d 936, 939 (10th Cir. 2002).

In his complaint [#1], the plaintiff, Marshall Hanks, alleges that the defendant initiated approximately three telephone communications to the plaintiff and left prerecorded messages for the plaintiff.  The calls by autodialer were made to the plaintiff without his prior consent.  The messages left for the plaintiff by the defendant uniformly made materially false, deceptive, and misleading statements.  The communications of the defendant directed to the plaintiff constitute deceptive, misleading, and unfair debt collection practices.

The plaintiff alleges in his complaint that the defendant's actions violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p (FDCPA).  Specifically, he alleges that the defendant violated 15 U.S.C. §§ 1692e in the variety of ways specified in the complaint.  The plaintiff asserts seven claims under the FDCPA.  However, in his motion for default judgment, the plaintiff withdraws his claim under the Telephone Consumer Protection Act.

In his motion for default judgment, Mr. Hanks seeks the entry of default judgment awarding $1,000.00 in statutory damages under 15 U.S.C. § 1692(k).  In addition, Mr.

2

Hanks seeks an award of costs consisting of the filing fee of $400.00, plus costs of service of process, postage, and photocopy charges totaling $50.32.  Finally, Mr. Hanks seeks an award of $3,092.40 for attorney fees.

### A.  Statutory Damages

If an individual plaintiff shows that a defendant debt collector violated the requirements of the FDCPA, the plaintiff may be awarded statutory damages not exceeding $1,000.  15 U.S.C. § 1692k(a)(2)(A).  In his complaint, the plaintiff makes specific factual allegations describing actions taken by the defendant.  Those actions constitute violations of the FDCPA.  Given the defendant's default, the plaintiff's allegations are deemed admitted.  The plaintiff has established that the defendant violated the FDCPA in seven different ways.  As a result, I conclude that the plaintiff is entitled to an award of $1,000 in statutory damages.

### B.  Attorney Fees & Costs

The FDCPA provides for an award of reasonable attorney fees and costs, as determined by the court, when a plaintiff prosecutes successfully an action to enforce the FDCPA.  15 U.S.C. § 1692k(a)(3).  In his motion for default judgment, Mr. Hanks seeks an award of attorney fees and costs

Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount.  **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983).  The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  **Hensley**, 461 U.S. at 433.  The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable.  **Homeward Bound, Inc. v. Hissom Memorial Ctr.**, 963 F.2d 1352, 1355 (10th Cir. 1992).  A "reasonable rate" is defined as the prevailing market rate in the community in question for an

attorney of similar experience.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Included in the plaintiff's motion [#13] for default judgment is a statement [#13-1] of attorney fees and costs incurred by the plaintiff in this case. The statement shows 11.78 hours of attorney time billed at $225 per hour.  The statement shows also 4.91 hours of paralegal time billed at $90 per hour.  The total amount billed for these hours is $3,092.40. Counsel for the plaintiff states also that counsel expended $400 for the filing fee in this case, $38 for service of the summons and complaint on the defendant, $0.92 in postage, and $11.40 for photocopy charges.  The hourly rates for the attorney time and paralegal time reflected on the statement are reasonable.  The number of hours expended on this case is reasonable.  The costs incurred by the plaintiff in this case are reasonable.  Therefore, I conclude that the plaintiff is entitled to an award of $3,092.40 in attorney fees and $450.32 for costs.

## IV.  CONCLUSION & ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Motion for Default Judgment** [#13] filed by the plaintiff on August 6, 2013, is **GRANTED**;

2.  That under FED. R. CIV. P. 55(b), default **JUDGMENT SHALL ENTER** in favor of the plaintiff, Marshall Hanks, against the defendant, Regional Arbitration Services, LLC, on the terms stated below;

3.  That under 15 U.S.C. § 1692k(a)(2)(A), the plaintiff is **AWARDED** statutory damages in the amount of $1,000;

5.  That under 15 U.S.C. § 1692k(a)(3), the plaintiff is **AWARDED** reasonable attorney fees in the amount of $3,092.40;

6.  That under 15 U.S.C. § 1692k(a)(3), the plaintiff is **AWARDED** costs in the

4

amount of $450.32; and

      7.  That the total amount of the judgment, including statutory damages, reasonable attorney fees, and costs, **SHALL BE** $4,542.72.

      Dated February 25, 2014, at Denver, Colorado.

                                        **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge